United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carol Mann, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-21364-Civ-Scola |
| Carnival Corporation, dba Carnival | ) |
| Cruise Lines, Defendant. | ) |

**Order Adopting Report and Recommendation**

  Carol Mann seeks to recover for injuries she sustained, in 2017, when she tripped and fell as she disembarked from a Carnival Corporation cruise ship in Charleston, South Carolina. In her complaint, Mann claims entitlement to relief based on three grounds: negligence (count one); vicarious liability (count two); and negligent hiring, retention, and training (count threes). (Compl., ECF No. 1.) The parties filed cross motions for summary judgment which the Court referred to Unites States Magistrate Judge Chris McAliley for a report and recommendation. Judge McAliley, in her report, recommends that the Court grant summary judgment in Carnival's favor on all three counts and deny Mann's motion for summary judgment, which is directed only to count one. (ECF No. 51.) Mann objects to certain aspects of the report (ECF No. 52) and Carnival has responded to those objections (ECF No. 54). After careful review, the Court finds Judge McAliley's report and recommendation cogent and compelling and **adopts** it in its entirety (**ECF No. 51**).

  With respect to count one, in evaluating Carnival's motion, Judge McAliley concludes that Mann has failed to adduce evidence that Carnival breached its duty of care. In so finding, Judge McAliley notes that Mann has not come forward with any evidence that Carnival had either constructive or actual notice of any dangerous condition—a prerequisite for a finding of liability in this case. Although this failure of proof is dispositive as to count one, Judge McAliley also points out that, in any event, Mann would be unable to survive summary judgment with respect to the vast majority of her alleged injuries because she does not have an expert witness who can testify as to causation. At the same time, Judge McAliley acknowledges that, were Mann's negligence claim not otherwise due for dismissal, her lack of an expert witness would not foreclose her ability to establish causation with respect to her readily observable injuries.

  Regarding counts two and three—which relate to Mann's complaints about the medical attention, or lack thereof, she received after her fall—Judge McAliley noted an absence of any evidence in the record showing that: any medical

personnel were either incompetent or unfit; Carnival was aware of any such incompetence or unfitness; or any action or inaction by medical personnel was a proximate cause of Mann's injuries. As such, and as fully explained by Judge McAliley, Mann's claims for relief based on vicarious liability and negligent hiring, retention, and training both fail as well.

The Court has carefully reviewed Mann's objections (ECF No. 52) to Judge McAliley's report and recommendations and finds them unavailing, if not entirely baseless. In any event, the Court has nonetheless reviewed those portions of Judge McAliley's report to which Mann has objected on a de novo basis and has additionally reviewed the remainder of the report for clear error.

Based on this review, the Court **affirms and adopts** Judge McAliley's report and recommendation (**ECF No. 51**) in its entirety. As such the Court **grants** Carnival's motion for summary judgment (**ECF No. 27**) and **denies** Mann's motion (**ECF No. 28**).

The Clerk is directed to **close** this case and **deny** any pending motions **as moot**. The Clerk is further directed to **remove** this case from the Court's trial calendar.

**Done and ordered** at Miami, Florida, on May 8, 2019.

Robert N. Scola, Jr.
United States District Judge